**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED HERE LOCAL 23, AFL-CIO, et al.,<br>*Plaintiffs,*<br>v.<br>ELITE RETAIL GROUP INC.,<br>*Defendant.* | No. 25-cv-3258 |

# MEMORANDUM OPINION

Porshia McCullum and Veronica Sanders, two food-service employees, and Local 23, a labor organization, bring this action against Elite Retail Group Inc., a food-service contractor, alleging violations of District of Columbia employment law. *See generally* Compl., Dkt. 1-1. The plaintiffs filed this action in D.C. Superior Court, *id.* ¶¶ 21-32, and Elite Retail Group removed, invoking federal-question jurisdiction. The plaintiffs now move to remand back to D.C. Superior Court. Dkt. 6. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND

Sodexo, Inc., a food-service contractor, has operated a Dunkin' Donuts coffee shop, among other food-service establishments, in the U.S. House of Representatives Longworth Office Building (Longworth building) for several years. Compl. ¶¶ 5–6, 8. But after a deal with Elite Retail Group Inc. (Elite Retail), Sodexo's Longworth-building Dunkin' Donuts was to be placed under new management and converted to a Starbucks coffee shop. *Id.* ¶ 7. The impending change threatened to displace several employees. So Local 23, a labor organization, stepped in to represent them for collective bargaining purposes. *Id.* ¶ 4.

Porshia McCullum and Veronica Sanders, two of the Dunkin' Donuts employees, had worked within the U.S. House of Representatives Longworth building for many years. *Id.* ¶¶ 5, 9. When they learned of the impending contractor change, the plaintiffs spoke to an Elite Retail representative about their desire to continue working at the same location in the Longworth building. *Id.* ¶¶ 12–13. But Elite Retail never offered a response. *Id.* ¶16–18.

In response, Local 23 advised Elite Retail by email of its responsibility to offer jobs to the Dunkin' Donuts employees under the D.C. Displaced Workers Protection Act, D.C. Code §§ 32-101 et seq. (the "D.C. Protection Act"). Compl. ¶¶ 14–15; *see* D.C. Code § 32-102(b) (requiring contractors that provide food service in D.C. to retain food-service workers employed by the predecessor contractor for at least a ninety (90) day transition period). It also gave Elite Retail a list of impacted employees. Compl. ¶ 14. Elite Retail never responded to Local 23 and took no action. *Id.* ¶¶ 15, 18. And it did not offer employment at the new Starbucks to any of the Dunkin' Donuts workers. *Id.* ¶18.

Plaintiffs and Local 23 filed this action in the Superior Court of the District of Columbia on July 18, 2025, alleging violations of the D.C. Protection Act, tortious discharge in violation of public policy, and tortious interference with business expectations. *Id.* ¶¶ 21–32. Elite Retail filed a Notice of Removal in the United States District Court for the District of Columbia on September 18, 2025. *See* Notice of Removal ¶ 2, Dkt. 1. The Notice states that this case presents a federal question supporting jurisdiction under 28 U.S.C. § 1331. Notice of Removal ¶ 2. Among other things, Elite Retail asserted that the D.C. Protection Act is preempted by federal law and the Supremacy Clause.[1] *Id.*

[1] The defendant cites U.S. Const. art. VI, cl. 28, but there is no such clause. The Court infers from the context of this case that the defendant meant to cite Article VI, clause 2—that is, the Supremacy Clause. *See* U.S. Const. art. VI, cl. 2.

On October 14, 2025, the plaintiffs moved to remand, arguing that there is no preemption defense that confers federal jurisdiction and seeking an award for fees and costs under 28 U.S.C. § 1447(c). Dkt. 6. Elite Retail opposed, asserting federal-officer jurisdiction under 28 U.S.C. § 1442 and diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 9. The plaintiffs now argue that Elite Retail's grounds for removal lack merit. Dkt. 6.

## II. LEGAL STANDARDS

"Ordinarily, the plaintiff is entitled to select the forum in which he wishes to proceed." *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 413 (D.C. Cir. 2014). A defendant may remove a civil action to federal court if the action "could have been brought originally in federal court." *District of Columbia v. Exxon Mobil Corp.*, 89 F.4th 144, 148–49 (D.C. Cir. 2023) (quoting *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019)); *see also* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); *id.* § 1451(1) ("The term 'State court' includes the Superior Court of the District of Columbia."). Removal is therefore proper only when the case falls within the district courts' original jurisdiction, because it presents a federal question "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or because the parties are citizens of different states and the amount in controversy requirement is satisfied, *id.*§ 1332(a).

Under the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). "The fact that a lawsuit will likely turn on a federal question is generally insufficient to confer federal jurisdiction if the plaintiff proceeds under a state-law cause of action." *Exxon Mobil Corp.*, 89 F.4th at 149; *see also Merrell*

*Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (recognizing it is well established that a "defense that raises a federal question is inadequate to confer federal jurisdiction."). Even when it is "very likely, in the course of the litigation," that a federal question will "arise," that is not enough to show that the suit "arises under" federal law. *Louisville & Nash. R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (explaining that a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

One exception is the federal-officer removal defense. Section 1442(a)(1) permits removal by a person "acting under" a federal officer for acts "under color of" such office. 28 U.S.C. § 1442(a)(1). A private entity acts under a federal officer when it "assist[s]," or "help[s] carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007) (citation omitted).

**III. ANALYSIS**

Elite Retail originally asserted federal question jurisdiction under 28 U.S.C. § 1331 as a basis for federal jurisdiction. Notice of Removal ¶ . The Notice states that the D.C. Protection Act is preempted by federal law and the Supremacy Clause because Elite Retail and its employees operate "within the territory of the Federal government." *Id.* ¶¶ 2–4. But preemption is ordinarily a federal defense, and "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Caterpillar*, 482 U.S. at 393; *accord Exxon Mobil Corp*, 89 F.4th at 159. Elite Retail's original Notice of Removal thus fails to establish general federal-question jurisdiction.

FCW invoked 28 U.S.C. § 1331, which broadly encompasses federal-question jurisdiction. Thus, the Court will consider whether the federal-officer removal statute applies. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) ("Under the federal officer removal statute, suits

against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.") (citing 28 U.S.C. § 1442)).

The federal-officer removal statute does not apply to Elite Retail. Elite Retail insists that, without food-service contractors, "the Government itself would have had to perform" food services for its employees. *See* Dkt. 9 at 7. But the government does not have to provide a cafeteria in the Longworth building. Standing alone, Elite Retail's role providing food to congressional staff is not enough to render it a federal officer.

Anticipating this problem with its theory, Elite Retail argues that its government contract "empowers [it] to operate the restaurant at issue," so it "must be considered a federal officer." *See* Dkt. 9 at 8. Yet "[h]aving a contract with the federal government does not by itself establish that a contractor is acting under color of federal office." *Am. Fed'n of Tchrs. v. Higher Educ. Loan Auth.*, No. 24-cv-2460, 2025 WL 2779802, at *3 (D.D.C. Sept. 29, 2025). And the fact that a federal entity "directs, supervises, and monitors a company's activities in considerable detail" is not sufficient either. *Watson*, 551 U.S. at 145. The critical inquiry is instead whether Elite Retail, by carrying out its employment practices, "lawfully assist[ed]" a federal officer "in the performance of his official duty." *Davis v. South Carolina,* 107 U.S. 597, 600 (1883).

To "act[] under" a federal officer "must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson*, 551 U.S. at 152. "Partnership" relationships are not enough without more. *MobilizeGreen, Inc. v. Cmty. Found. for Nat'l Cap. Region*, 101 F. Supp. 3d 36, 42 (D.D.C. 2015). One instead must contribute to a federal superior's "specific purpose." *Id.* at 43.

Elite Retail's operation of a Dunkin' Donuts coffee shop does not satisfy that requirement merely because the business operates within a federal building. The provision and sale of food are

not themselves legislative duties or tasks performed by Congress or its staff. Elite Retail's role is "perhaps beneficial but ancillary to [Congress's] mandate" to govern. *Id.* at 42; *cf. Walker v. Jones*, 733 F.2d 923, 931 (D.C. Cir. 1984) (holding that personnel who attend to food service employees and similar auxiliary tasks in House of Representatives buildings are not helping members of Congress perform their legislative duties). Elite Retail was therefore not "acting under" a federal officer within the meaning of the federal-officer removal statute.

Finally, the plaintiffs request costs and expenses. *See* Pl. Mot. to Remand at 6–7, Dkt. 6. Under the removal statute, a district court remanding a case may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances," however, a district court may do so "only if 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). A basis for removal is objectively reasonable when it "has at least some logical and precedential force," *id.* at 383, but not when it is "contrary to well-settled law or foreclosed by binding authority," *Boyd v. Kilpatrick Townsend & Stockton LLP*, No. 14-cv-0889, 2015 WL 13173226, at *1 (D.D.C. May 28, 2015) (internal quotation marks and citation omitted).

The Court cannot conclude, at least on the existing record, that the defendant's attempted removal was "objectively unreasonable." *Id.* Some government contractors qualify as federal officers under § 1442(a)(1). *See Am. Fed'n of Tchrs.*, 2025 WL 2779802, at *3. And the plaintiffs have not pointed to any controlling authority that squarely applies to these facts. The argument thus had "at least some logical and precedential force." *Knop*, 645 F.3d at 383. Accordingly, the Court will exercise its discretion and not award the plaintiffs attorney's fees under 28 U.S.C. §1447(c).

## CONCLUSION

For the foregoing reasons, the Court grants the plaintiffs' Motion to Remand, Dkt. 6, but denies the plaintiffs' request for costs and expenses under 28 U.S.C. § 1447(c). A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

September 30, 2026